Michael A. Guadagno, Esq.
Bullivant Houser Bailey PC
1700 7th Ave, Ste 1810
Seattle, WA 98101
Ph: (206) 292-8930
Fax: (206) 386-5130
Email: michael.guadagno@bullivant.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

OHIO CASUALTY INSURANCE COMPANY, a New Hampshire insurance company,

Plaintiff,

v.

ALASKA GROUP, LLC, d/b/a KELLER WILLIAMS REALTY ALASKA GROUP, an Alaska Limited Liability Company; JIMMY FLORES and JANELLE QUACKENBUSH, individually and as personal representatives of the ESTATES of ALEXIS QUACKENBUSH, NAVEAH FLORES, LILYANNA FLORES, SOFIA FLORES, and JAELYNN FLORES,

Defendants.

Case No.: 3:19-cv-00319-SLG

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Ohio Casualty Insurance Company hereby brings this Complaint for Declaratory Judgment against Defendants Alaska Group, LLC, d/b/a Keller Williams Realty Alaska Group, Jimmy Flores and Janelle Quackenbush, individually and as personal representatives of the Estates of Alexis Quackenbush, Naveah Flores, Lilyanna Flores, Sofia Flores, and Jaelynn Flores.

# THE PARTIES

1. Plaintiff Ohio Casualty Insurance Company ("OCIC") is a New Hampshire Insurance Company with its principal place of business located at 62 Maple Avenue, Keene, New Hampshire. At all relevant times, OCIC was in the business of providing insurance and was licensed to issue insurance policies in the State of Alaska.

2. Defendant Alaska Group, LLC d/b/a Keller Williams Realty Alaska Group ("Alaska Group") is a limited liability company authorized to do business in Alaska and doing business in Alaska.

3. Defendant Jimmy Flores ("Flores") is an individual residing and domiciled in Alaska.

4. Defendant Janelle Quackenbush ("Quackenbush") is an individual residing and domiciled in Alaska.

5. The Estates of Alexis Quackenbush, Naveah Flores, Lilyanna Flores, Sofia Flores, and Jaelynn Flores (the "Estates") are the estates of the minor daughters of FLORES and QUACKENBUSH.

6. Flores and/or Quackenbush are applying or have applied for appointment as the Personal Representatives of the Estates to maintain claims asserted in Case No. 3PA-19-02109 CI, *Jimmy Flores et al. v. Alaska Group, LLC, d/b/a Keller Williams Realty-Alaska Group et al.* (the "Underlying Lawsuit").

# JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiff is a citizen of a different state than all defendants.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because the events or omissions giving rise to the cause of action occurred in this judicial district and the property at issue is situated in this judicial district.

# FACTS

9. OCIC incorporates by reference all allegations set forth in paragraphs 1 through 8 as if fully set forth herein.

**A.  The OCIC Policy**

10. OCIC issued an insurance policy to Defendant Alaska Group and/or an "insured" under Policy No. BZO (18) 53 51 12 98 for the policy period beginning June 23, 2017 and ending on June 23, 2018 (the "OCIC Policy").

11. The OCIC Policy provides liability insurance to Defendant Alaska Group according to certain terms, conditions, limitations, and exclusions.

**B.  The Underlying Action**

12. On or about August 15, 2019, Defendants Flores, Quackenbush and the Estates filed a complaint in the Underlying Lawsuit (the "Underlying Complaint") in which they seek damages that arose from a fire occurring on or about September 7, 2017 (the "Fire") that took place in their family's trailer home located at 2910 South Wickham Circle, in or near Palmer, Alaska (the "Property"). A copy of the Underlying Complaint is attached hereto as Exhibit A.

13. The Underlying Complaint alleges that in September 2016, Flores and Quackenbush began renting the Property from Jackie A. Hughes ("Hughes"), the then-owner of the Property, pursuant to a written lease (the "Lease").

14. The Underlying Complaint alleges that although the Property initially appeared habitable, Flores and Quackenbush discovered serious maintenance issues after moving in, including inadequate smoke detectors, an inefficient furnace, heat loss through single-pane windows, and a rear door that did not close completely.

15. The Underlying Complaint alleges that Flores and Quackenbush complained to Hughes and her property manager, Jose Rolon, about the high energy costs and defective condition of the house, but neither party did anything to address these issues.

16. The Underlying Complaint alleges that Flores and Quackenbush were unable to pay monthly rent and energy costs for the Property, and eventually fell behind on rent.

17. The Underlying Complaint alleges that Hughes unsuccessfully attempted to evict Flores and Quackenbush in April of 2017.

18. The Underlying Complaint alleges that shortly thereafter Hughes and/or Rolon took retaliatory actions against Flores and Quackenbush, including placing the account with Enstar Natural Gas Company in the name of Hughes. The Underlying Complaint further alleges that Enstar thereafter transmitted the heat bills to Hughes and/or Rolon, rather than Flores and Quackenbush.

19. The Underlying Complaint alleges that prior to the Fire, Hughes sold the Property to Chris Elder pursuant to a Real Estate Purchase and Sale Agreement.

20. The Underlying Complaint alleges that Kevin Cross and Keenan Fitzpatrick were real estate agents with Defendant Alaska Group, and represented Hughes in the purchase and sale of the Property.

21. The Underlying Complaint alleges that Lance Davis was a real estate agent with "Les Bailey & Associates of Keller Williams Realty Alaska Group, LLC," and represented Elder in the purchase and sale of the Property.

22. The Underlying Complaint alleges that Cross, Fitzpatrick and Davis – referred to in the Underlying Complaint (and hereinafter) as "Real Estate Professionals" – failed to comply with certain duties in facilitating the transaction.

23. Specifically, the Underlying Complaint alleges that the Real Estate Professionals knew or should have known that the Property was being operated in violation of the Alaska Landlord Tenant Act, the lease between Flores/Quackenbush and Hughes, and "the common law."

24. The Underlying Complaint alleges that "given the public record of Flores/Quackenbush's eviction proceedings," the Real Estate Professionals had a duty to both

"ensure disclosure of the conditions of the property as to habitability, and ensure remediation of the conditions."

25. The Underlying Complaint alleges that the Real Estate Professionals had a duty to inquire as to any outstanding energy bills and bring the Enstar account into compliance.

26. The Underlying Complaint alleges that the Real Estate Professionals did not comply with these requirements and instead allegedly "conspired to transfer property that was in [a] dangerous, uninhabitable condition."

27. The Underlying Complaint alleges that Cross and Fitzpatrick were agents and/or employees of Defendant Alaska Group.

28. The Underlying Complaint alleges that Defendant Alaska Group is vicariously liable for culpable conduct of its agents and/or employees, including Cross and/or Fitzpatrick.

29. The Underlying Complaint alleges that: "the real estate professionals were required and empowered, to report the uninhabitable conditions of the property and to advise their clients concerning same and to ensure compliance with the Purchase and Sale Agreement and the Landlord Tenant Act."

30. The Underlying Complaint alleges that the Fire, injuries, deaths and damages were caused by the culpable conduct of defendants named in the Underlying Complaint as set out therein.

31. The Underlying Complaint asserts the following causes of action against Defendant Alaska Group: negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, outrage, negligent training and supervision, civil conspiracy, breach of the implied covenant of good faith and fair dealing, loss of consortium, and punitive damages.

32. Defendant Alaska Group tendered the defense of the Underlying Complaint to OCIC.

33. OCIC agreed to defend, and is defending, Defendant Alaska Group in connection with the Underlying Complaint, subject to a full reservation of rights.

## FIRST CAUSE OF ACTION

### Declaratory Judgment – OCIC Policy

34. OCIC incorporates by reference all allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

35. The OCIC Policy constitutes a binding and enforceable contract setting forth the rights and obligations of the parties.

36. Pursuant to the express terms, conditions, exclusions, and limitations of the OCIC Policy, there is no liability coverage for the claims and damages alleged in the Underlying Complaint.

37. The OCIC Policy provides coverage only for bodily injury caused by an "occurrence." The OCIC Policy defines "bodily injury" to mean, in relevant part, "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Underlying Complaint seeks damages for loss of consortium and emotional distress. To the extent loss of consortium and emotional distress do not constitute "bodily injury," the OCIC Policy provides no coverage in that regard.

38. The OCIC Policy contains an exclusion for bodily injury "caused by the rendering or failure to render any professional service[,]" which includes "[s]ervices while [Alaska Group] [is] acting in a fiduciary or representative capacity including but not limited to Real Estate Agents[.]" Because the Underlying Complaint seeks recovery only for bodily injury caused by the alleged failure to render a professional service, there is no coverage available under the OCIC Policy.

## REQUEST FOR RELIEF

WHEREFORE, OCIC prays for judgment in its favor and against Defendants as follows:

COMPLAINT FOR DECLARATORY JUDGMENT PAGE 6
NO.: 3:19-CV-00319-SLG

A. That this Court enter a judgment pursuant to AS 22.10.020, declaring OCIC owes Defendant Alaska Group no obligation of defense or indemnity under the Policy with respect to the Underlying Action

B. For an award of attorneys' fees and costs allowable by law; and

C. Such other and further relief as the Court deems just and appropriate.

DATED: December 20, 2019

BULLIVANT HOUSER BAILEY PC

By */s/ Michael A. Guadagno*
Michael A. Guadagno, ABA #1605021
E-mail: michael.guadagno@bullivant.com

Attorneys for Plaintiff Ohio Casualty Insurance Company

4814-3896-7982.1